Leon Doubet v. Commissioner.
Doubet v. Commissioner
Docket No. 14295.
United States Tax Court
1948 Tax Ct. Memo LEXIS 210; 7 T.C.M. (CCH) 234; T.C.M. (RIA) 48065; April 20, 1948
*210 Lewis L. Guarnieri, Esq., Guarnieri Block, Warren, Ohio, for the petitioner. H. M. Kohn, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income and victory tax of $6,438.03 and $5,523.51 for 1943 and 1944. The only issue is whether the petitioner and his wife had a valid partnership so that only one-half of the income of their jewelry store business was taxable to the petitioner. Findings of Fact The petitioner filed his individual income tax returns for 1943 and 1944 with the collector of internal revenue for the 18th district of Ohio. He reported thereon one-half of the income from a partnership jewelry store business carried on by himself and his wife. The Commissioner, in determining the deficiencies, included in the petitioner's income the other one-half which had been reported by the wife. The petitioner has been an expert watchmaker and repairman for many years. He worked as a watch repairman in several jewelry stores prior to 1923. He and his wife came to Niles, Ohio in 1923 and opened a retail jewelry store there. They then had two children and they had another thereafter. Household *211 duties were performed by employees and the wife spent full time in the store. She received no salary up to December 31, 1942, but by that time and for a number of years previously she managed the store in so far as the purchase and sale of merchandise was concerned. The petitioner managed the watch repair department but participated only to a small degree in the purchase and sale of merchandise. The wife was principally responsible for selecting and buying all jewelry and other merchandise for sale in the store. She employed sales people and sold much of the goods herself. She dressed the windows, kept the books and attended to the banking, except that the petitioner signed the checks which she had prepared. She also participated in other business affairs connected with the store. She gave all of her time for twenty years, except for a short time when their third child was born, to the business, frequently working beyond regular business hours. The petitioner believed that the business was worth about $20,000 at the close of 1942 and that his wife, because of her participation, was entitled to be recognized as an equal owner with him. He transferred one-half interest in the business *212 to her at that time and they entered into a written partnership agreement under which they contributed their interests in the business and agreed to conduct it thereafter as an equal partnership under the trade name of "Leon Doubet". That arrangement remained unchanged throughout 1943 and 1944. The wife continued her duties, as above described, and in addition signed most of the checks on the bank account. She was known and recognized as a partner by those with whom the partnership did business. The earnings of the business for 1943 and 1944 were used for living expenses, for the purchase of government war bonds in the joint names of the two Doubets, and the balance was deposited in joint savings accounts. The partnership was real, valid and genuine during 1943 and 1944. The wife rendered vital services to the business and took a full and important part in the partnership during 1943 and 1944. Opinion MURDOCK, Judge: The Commissioner quite obviously erred in failing to recognize the wife as a partner and in taxing all of the income of the business to the petitioner. This case is quite different from ; , *213 and other cases upon which the Commissioner relies. The petitioner transferred an interest in the business to his wife which she then transferred to the partnership. The transfer to her has been called a gift, but she had earned an interest in the business by twenty years of service therein for which she had never been separately compensated and, aside from the question of a capital contribution, she rendered vital services to the partnership. Indeed, the record indicates that her services were probably responsible, to a larger degree than those of her husband, for the success and earnings of the business not only during the taxable years but before and since those two years. Decision will be entered under Rule 50.